Please, the next case, Geneva Ward v. Workers' Compensation Comm'n, 5090073. Counsel, please. May it please the court. Good afternoon. My name is Michael Sue and I represent the appellant in this matter. This is a case where, this case was before Arbitrator Tobin, I'm sorry, this case was in Arbitrator Tobin and it was dismissed in June 2006. And we received, our office received notice in July 2006 and we did petition to reinstate in August 2006 and that was before Arbitrator Teague, who was the substitute judge at the time because it was an emergency month only in August and Arbitrator Tobin was on vacation. At that time Arbitrator Teague denied our petition to reinstate Let me ask you a threshold question. Did the claimant object to Arbitrator Teague reciting over the hearing to reinstate? Was there an objection to Teague reciting over the petition to reinstate? Did anybody make an objection? I made the objection, Your Honor. I said I didn't want to proceed. I said that it was an emergency hearings only, that I would be ready to proceed next month and that I could go at the trial next month. That's not the question you were asked. Did you object or did anyone object to specifically to Teague reciting over the petition to reinstate, not asking for a continuance? The issue is did anybody object to Teague reciting in lieu of Tobin? No, Your Honor. Isn't there a body of law that would suggest then the claimant waived any right to have the hearing before Tobin by not objecting to the hearing before Teague? No, because it's an emergency hearing month only. Once you receive notice of the dismissal, you have 60 days to try to get the case reinstated. It's common practice to reinstate that as soon as possible. Obviously, I could have not shown up at all and shown up in September when Arbitrator Tobin showed up and was present, but it's common practice to do it as soon as possible. So that's why I showed up in August. In August, I went to show up basically just to enter my parents to show that I brought a petition to reinstate for timeliness. But Arbitrator Teague, I did not bring up the objection that I objected to Arbitrator Teague to do the reinstatement. Arbitrator Teague should have deferred since this was in her docket that she was covering. You go before any judge and you proceed to a motion and you lose. You get a second bite of the apple later when you admitted that you didn't object to the proceeding? Well, given the circumstance, given the fact that it was an emergency hearing month only, and given the fact that Arbitrator Teague said, and it's in the transcript, that she was not going to be there that month, next month in September, and so she was going to have to hear it right there and then, I don't think that's normal. Arbitrator Teague said that. Well then, wouldn't there be a further reason why you should have objected? If you're Arbitrator Tobin, then why didn't you object? Well, I didn't object because Arbitrator Teague wanted to hear it right there and then. Well, yeah, but what does the rule say? The rule says it's supposed to be brought before the arbitrator to dismiss the case, right? Yes. Well, you knew that Arbitrator Teague was not the arbitrator to dismiss the case, didn't you? Yes. So you didn't object to her hearing it, even though it seemed to violate the rule? That's true. That's true, Your Honor. So, I mean, have you waived the issue? Of having appeared, the wrong arbitrator having heard it? I don't think I waived the issue. No, we didn't waive the issue. Why not? Because we didn't waive the issue because we were forced to... You weren't forced to do anything. You've got to make an objection first. If you would have objected to her hearing it because of the rule, and she heard it anyway, I mean, you probably have an issue that's preserved for review. But if you make no objection to her hearing it, and then she hears it and you lose, and then you say, oh, by the way, I didn't want you to hear this. It's kind of like shutting the door after the cow runs out, isn't it? Well, if we assume that's true, Your Honor, and I waive my right to Commission Rule 720.9c, just on the record itself, though, based upon the record of appeal, and if we assume then that I did waive my right to that rule, then even still, the case law, if you read the case law, establishes basically there's no real hard or fast-line rules in regards to reinstatement, except for timeliness, and it has to be discretionary. And in this case, there was due diligence made on behalf of our office to establish that a reinstatement should have sufficed. Well, how are you setting aside that issue for the moment of waiver? Tell us how and why the claim was prejudiced by having Teague preside over the hearing on the petition to reinstate. It's a legal ruling, as you alluded to, within the sound discretion of the hearing officer. How was your claim prejudiced? The power was prejudiced because Arbitrator Teague basically was biased against our office. I've never been before Arbitrator Teague before. I've been before Arbitrator Tobin. Arbitrator Tobin had a knowledge of me and of our office, but me individually. Stop being about what you just said. If Arbitrator Teague had never met you before and didn't know you, why would the Arbitrator be prejudiced against you? Because she was familiar with our office, and she had a background with our office, and she was biased against our office. What are you basing that on? I'm basing that off of the history that she had with our office with prior dealings, where our office went down before Arbitrator Teague before, and Arbitrator Teague would curse at the other attorneys who represented. Is that in the record somewhere? Did you make a record of that? No, that is not in the record, but that's what's going on. I'm talking about the fact we're reviewing the Commission's decision, which was unanimous, and also ruled against you based on the record before Teague. They're not biased against you, are they? Commission is not biased against our office. But in my position, Arbitrator Teague was biased against our office, and if Arbitrator Tobin was there and not Arbitrator Teague, things might have been different. Excuse me, is it in the record that you adopted Arbitrator Teague was prejudiced against your office? I made the argument in issue number one of my brief. Well, what about below? What about an argument in front of Arbitrator Teague that she shouldn't hear your cases because she's prejudiced against your office? Did you make that? I did not make that argument. Well, I mean, don't you think you have to make these arguments below before you make them to us? Yes, Your Honor. Well, when did you, were you aware of the potential prejudice against your office by this arbitrator? After the decision or before? I was aware before, but I did not want to make that objection because, I mean, Arbitrator Teague was the one who was going to hear my... And you're afraid she might become more prejudiced against you. Is that sort of what you're saying? Well, in the position you're putting the court here, you're asking us to make a finding based on your verbal representation that finds no support in the record. How do we do that? Can we just accept her argument to the contrary with no evidence in the record? You see the problem? I see your problem, Your Honor. But, you know, even if we assume that I did waive my argument for the commission rule, I think there's still due diligence established on the record that the case should have been reinstated. Why didn't you show up for the original, for the trial date that the case was dismissed at by Tobin? I forgot, Your Honor. You didn't forget today. You forgot to go that day. I forgot to go that day. Okay. Your Honor, we took this case over on November 3, 2004. There was an IME scheduled in April of 2005. We passed the report on April 26 to the respondents. On June 8, 2005, the respondent objected to the IME report. August 4, 2005, we then set the deposition of Dr. Hoffman, which is our IME doctor, for October 15. On August 5, we got rescheduled to November 16, 2005. And then we had the deposition on November 16, 2005. We then, on November 21, 2005, did another IME with Dr. Sher of our client. And then on November 30, 2005, we sent that report to the respondent. On January 11, 2006, we then took the deposition of Dr. Sher. What did you do on April 19, 2006? I did not show up on April 19. On April 18, I talked to the defendant ahead of time, the response counsel, and I said that our client couldn't appear because she had heart trouble. And we agreed to continue to June 23. Right. What did you do on June 20? I forgot to appear to the hearing. Were there except that kind of an excuse? Well, I forgot to appear at one hearing, but a history of due diligence had been established prior to that date. And, in fact, the last deposition was only taken in February of 2006. And then the hearing date, when the date got dismissed was June, so it was only a couple months prior. You know, this case had never been dismissed before, and it's not like we've just been sitting on this case this whole time when we took it over. And based on that, I think that the petition should better be granted. Thank you. Thank you. Counsel, please. Good afternoon. May it please the Court, my name is Elizabeth Berenger, and I'm the attorney for the employer Walgreens. The history in this case is pretty simple. In December of 2005, we filed a request for hearing to pursue this claim for its trial. It was continued at that time, set for a trial date certain again in February of 2006. Due to pending deposition transcripts, it was continued, reset for April 21st of 2006, and the petition was unable to appear due to a heart attack. Once again, it was continued to June of 2006 where Arbitrator Tobin, who was aware of the situation that was going on with the troubles we had getting this claim to the hearing, dismissed the case. The reinstatement was properly filed in court before Arbitrator Teague, as was previously discussed. No formal objection was made on the record. Either at the August of 2006, before Arbitrator Teague, he didn't express any concern. In fact, he was more concerned about the fact whether or not he could reach a petitioner regarding settlement discussions. So she wasn't even present at the time. So she couldn't even proceed to trial at that time. Again, once again, no formal objection was made to Arbitrator Teague hearing this. He refiled a request for hearing for October of 2006, which was again heard before Arbitrator Tobin. The matter was raised before Arbitrator Tobin advised him he no longer had jurisdiction of this claim based upon Arbitrator Teague's prior dismissal. And once again, no formal objection was made to Arbitrator Teague's previous rulings made in August. Now, the petitioner does cite the administrative code 7020.90C, indicating that these claims follow the arbitrator. While that's technically the general rule of law, in terms of actual practice, it's not the case. We just talked about general things approximately about a year ago. The arbitrator switched dockets. So Arbitrator Tobin no longer presides over the Mount Vernon docket where this claim is venue. This claim is actually currently venue in Mount Vernon before Arbitrator Teague. She's now taken over Arbitrator Tobin's position. He's switched to the Springfield docket. So even if this matter was remanded, it would be remanded directly back to the commission and be under her jurisdiction. So your position would be of necessity that the provision in the code requiring the matter to be docketed to the judge where the arbitrator was originally assigned is with, correct? And he didn't object until he was. It is correct. It's relatively simple. That is correct. And we believe that the record clearly indicates that there's no factual basis on why this claim should be reinstated. There's no really evidence of due diligence, of repeated attempts to proceed to trial, even with his depositions that have been taken. Disher was never present at any of these four settings that were set over a span of six months, nor was opposing counsel. Well, was there a representation made before Teague that the claimant could appear in a couple hours? He said that she was currently not present because she had broken her arm and that she was over three hours away. So it would take her at least over three hours to even be present at that time. But again, then he turns around and asks for the continuance for the next month. And then Arbitrator Teague at that time indicated to him she was going to dismiss the claim. She was advised that a settlement offer had been made, and she advised him to contact his client and to consider taking her offer. He was given the opportunity to essentially amicably resolve the claim without changing trial or having his claim dismissed. Were you present during all of these proceedings? I was not the attorney at that time. In reading the record, did you see any indication that counsel complained about a bias against him or his firm? In my review of the record, I did not. In fact, in his brief, he clearly indicates that her bias was the fact that she told him that she was not going to be present next month and that she was going to dismiss his claim and she recommended that he take the money on the table. That was what he cited in his brief as his reason for bias. The first reason for bias I've ever heard about her having a problem with his office came out today. So are we then left with reviewing whether or not there's an abuse of discretion by Arbitrator Teague? I believe we are, and I believe Arbitrator Teague acted appropriately under the circumstances. No formal objection was ever made. Your Honors, the appellee states that there was no due diligence on behalf of my office. She states that there was a hearing set for December of 2005. The deposition of Dr. Stillings was until February of 2006. There was no hearing in December of 2005. I wasn't going to appear to that. That wasn't by agreement or anything. Tell me again, why didn't you appear on June 23? I forgot, Your Honor. She states that there was a hearing on February of 2006. There was a letter from the respondent that said that she didn't have the transcript of Dr. Stillings yet, which was their IME doctor. Obviously, the hearing wasn't going to go forth until February of 2006. Was it wrong and bad for me to not appear in June of 2006? Yes, it was, Your Honor. But it's not like this case has been sitting around. There's a history of due diligence and taking steps. It's not like we haven't shown up for these hearings. I didn't show up for the June hearing. I should have. But it's not like they had a bunch of hearings scheduled and I didn't show up. I mean, I was not even supposed to show up for those hearings. I was supposed to show up for June, and I didn't, but there's still a long history of due diligence that that re-instatement should be accepted. Thank you. Somebody may state this a little bit more appropriately than me, but in the brief, you attach the entire record. And you got in there the documents we need, the arbitrator's hearing. Well, it's hard to find the arbitrator's ruling, but I found it in the submission. But you may want to just attach the documents that are required by the rules the next time. It would be easier for you and ultimately easier for us. But you were overly thorough. I'm sorry. Go ahead. Thank you. The court will take the matter under advisement for disposition, extended recess until 9 o'clock in the morning.